UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO LYNN FLUKER, | CASE NO. 1:22-cv-12045 |
| *Plaintiff*, | |
| v. | HON. THOMAS L. LUDINGTON DISTRICT JUDGE |
| STEVEN WORPELL, | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendant*. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 5)**

**I.    RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DENY** Antonio Fluker's motion for a preliminary injunction (ECF No. 1, PageID.5; ECF No. 6, PageID.23) **WITHOUT PREJUDICE**.

**II.    REPORT**

**A.    Background**

Antonio Fluker is a criminal defendant in this Court, charged with fraud, identity theft, and money laundering. (*United States v. Flunker*, Case No. 4:21-cr-20331, ECF No. 43). Despite being detained since at least March 2020, Fluker and his fiancé of six years, Ricky Lynn Jones, obtained a marriage license from the Genesee County Clerk's Office on August 21, 2022. (*Compare id.* at ECF No. 11, *with Fluker v. Worpell*, No. 1:22-cv-12045, ECF No. 6, PageID.22).

1

Under Michigan law, couples interested in marriage must undergo a two-step process. Mich. Comp. L. § 551.2. First, both individuals must submit a notarized application for a marriage license to the County Clerk. *Id.* §§ 551.2, 551.101–102(1). Unless either party is less than eighteen years of age, the parties need not apply in person. *Id.* § 551.102(1). Once the clerk receives the application, he or she must determine whether the parties are legally entitled to be married and issue a marriage license to the parties if there are no legal impediments. *Id.* This license remains valid for thirty-three days following the date of application, and during that time, the parties must solemnize their marriage before a valid officiant and at least two witnesses. *Id.* §§ 551.9, 551.103a. Only after the parties solemnize their marriage are they legally married. *Id.* § 551.2. Michigan's statutory code does not prohibit individuals from reapplying for a license if their license expires before they can solemnize their marriage. *Id.* §§ 551.2–551.111

Aware that their license would soon expire, Fluker and Jones asked Magistrate Judge Steven Worpell at the 80th District Court in Gladwin County to solemnize their marriage. (ECF No. 6, PageID.22). Judge Worpell initially agreed to conduct the ceremony and scheduled their wedding for September 2, 2022. (*Id.*) However, when Judge Worpell later learned that Fluker was a pretrial detainee who wished to marry another man, he backed out of the ceremony, explaining that he does not marry incarcerated individuals. (*Id.*)

Fluker then brought a pro se civil action against Judge Worpell in this court pursuant to 42 U.S.C. § 1983, alleging that Worpell violated his "right to marry" under the "Fourteenth Amendment." (ECF No. 1, PageID.3, ECF No. 6, PageID.23). Fluker sued

2

Worpell in his official capacity only and requested declaratory relief, monetary damages, and a "preliminary injunction" instructing Worpell to solemnize Fluker's marriage before the marriage license expires. (ECF No. 1, PageID.5; ECF No. 6, PageID.23).[1]

### C. Analysis

I suggest that the Court should deny Fluker's motion for a preliminary injunction without prejudice because his motion is procedurally defective. Under Federal Rule of Civil Procedure 65, a court may only issue a preliminary injunction "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Although it is true that the court assumes responsibility for effecting service where a plaintiff, like Fluker, proceeds in forma pauperis, this does not excuse Rule 65's requirement that the opposing party receive notice before the court can enter a preliminary injunction. *Ross v. Arnestos*, No. 21-cv-05293, 2021 WL 3934250, at *1 (N.D. Cal. Aug. 30, 2021); *Jackson v. Lycos*, No. 19-CV-2325, 2019 WL 4080627, at *1 (D. Minn. Aug. 28, 2019); *Claiborne v. JP Morgan Chase Bank Nat'l Ass'n*, No. 1:18-CV-5542, 2019 WL 7491488, at *2 (Jan. 11, 2019). *See generally* 28 U.S.C. § 1915(d). Where an IFP plaintiff moves for a preliminary injunction before the Court can screen the complaint and effect service, most Courts elect to deny the preliminary injunction without prejudice, permitting the plaintiff to renew the motion once the defendant has been served. *E.g.*, *Okoli v. Tucker*, Nos. 22-10316-NMG, 22-10401-NMG, 2022 WL 1989411, at *2 (D. Mass. June 3, 2022); *Ross*, 2021 WL 3934250, at *1.

---

[1] On September 7, Fluker filed a document titled "Amended Statement of Claim." (ECF No. 6). This document appears to be a partial amendment to his original complaint, superseding only the portion of his original complaint under the heading "statement of claim." (*Compare id.*, *with* ECF No. 1, PageID.12–13).

Here, Worpell has yet to be served, and there is no indication that he is aware of Fluker's lawsuit. Further, it is unlikely that the Court can screen Fluker's complaint, as required under 28 U.S.C. § 1915A(a), effect service, and give Judge Worpell a sufficient opportunity to respond to the motion before Fluker's marriage license will expire. *See Rogers v. Lamont*, No. 3:22-cv-66, 2022 WL 3716446, at *1 (D. Conn. Aug. 29, 2022) ("[C]ourts also routinely have applied the statute to screen complaints brought by pre-trial detainees."); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (3d ed. 1998) ("[N]otice under Rule 65(a)(1) should be served on the adverse party at least 14 days before the preliminary-injunction hearing."). Accordingly, the Court should deny Fluker's motion for a preliminary injunction. *Cf. Claiborne*, 2019 WL 7491488, at *2; *see also Asberry v. Cate*, No. 13cv2573, 2014 WL 292028, at *1 (S.D. Cal. Jan. 24, 2014).

Likewise, were the court to construe Fluker's motion as one for an ex parte temporary restraining order ("TRO"), his request would still be defective. The court may only issue a TRO without notice to the opposing party if the movant (1) demonstrates that he or she will suffer an "immediate and irreparable injury . . . before the adverse party can be heard," and (2) "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Fluker likely demonstrates that he will suffer an immediate and irreparable injury absent an injunction, as he alleges a constitutional injury that cannot be adequately remedied with monetary damages. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).

4

However, Fluker's complaint does not mention any efforts to notify Worpell of his request for an injunction, nor does he explain why he should not be required to do so. (ECF Nos. 1, 6).

While not necessary to decide this motion, I note that denying Fluker's motion for a preliminary injunction would not prevent him from solemnizing his marriage. Nor would it even prevent the court from providing Fluker with redress in the form of declaratory relief or a permanent, mandatory injunction.[2] In Michigan, state magistrates are simply authorized, not required, to solemnize marriages, and they are not alone in this distinction—mayors, judges, county clerks, and religious ministers may also solemnize marriages. Mich. Comp. L. § 551.7(1). There appears to be no reason, apparent from Fluker's complaint, why only Judge Worpell can solemnize his marriage. *See id.* Michigan law allows Fluker to ask any other judge, any minister, or even any court clerk, to solemnize his marriage. *Id.*

And even if Fluker is adamant that Judge Worpell, specifically, must solemnize his marriage, the Court can still grant this relief through a permanent, mandatory injunction if Fluker prevails on the merits of his action. Although Fluker's marriage license may expire by September 20, there is simply no provision in Michigan's statutory code, to the undersigned's knowledge, which provides that an individual can apply for a marriage only

---

[2] Fluker does not explicitly request a permanent injunction in his complaint. (ECF Nos. 1, 6). But as a pro se litigant, his complaint must be liberally construed so as to do justice. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); Fed. R. Civ. P. 8(e). Fluker's request for a "preliminary injunction" should be read as a request for both preliminary, and permanent, injunctive relief. Indeed, it seems unlikely that Fluker would *only* be satisfied with an injunction that could be granted immediately.

5

once. (ECF No. 6, PageID.23). If Fluker's marriage license expires, and he later prevails in this action and obtains the declaratory and injunctive relief he seeks, then there is no reason why he cannot simply apply for a new license.

Additionally, there appear to be no practical impediments to Fluker obtaining a new license. Although Fluker is currently detained, he need not be physically present at the Clerk's office to submit his application. All Fluker need do is submit a notarized application and pay a twenty-dollar fee—a process which Fluker has already once completed while imprisoned. Mich. Comp. L. § 551.102(1); (*compare United States v. Flunker*, Case No. 4:21-cr-20331, ECF No. 11, PageID.37 (ordering that Fluker be detained pending trial on March 15), with *Fluker v. Worpell*, No. 1:22-cv-12045, ECF No. 6, PageID.22 (explaining that Fluker obtained a marriage license on August 21)).

### D. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY** Plaintiff's motion for a preliminary injunction (ECF No. 1, PageID.5; ECF No. 6, PageID.23) **WITHOUT PREJUDICE**.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 20, 2022         s/ PATRICIA T. MORRIS
                                                              Patricia T. Morris
                                                              United States Magistrate Judge