UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO LYNN FLUKER,

    *Plaintiff*,

    CASE No. 1:22-cv-12045

v.

STEVEN WORPELL,

    District Judge Thomas L. Ludington
    Magistrate Judge Patricia T. Morris

    *Defendant*.

_____/

## ORDER DENYING DISCOVERY MOTIONS (ECF Nos. 24, 25)

Antonio Fluker is a pretrial detainee in the custody of the Federal Bureau of Prisons. While detained, Fluker and his fiancé, Ricky Lynn Jones, obtained a marriage license from the Genesee County Clerk's Office and later asked Magistrate Judge Steven Worpell to solemnize their marriage before their license expired. (ECF No. 6, PageID.22). Judge Worpell initially agreed to perform the ceremony, but after learning that Fluker was a pretrial detainee who intended to marry another man, Judge Worpell backed out of the ceremony. (*Id.*) Fluker then brought this action under 42 U.S.C. § 1983 seeking an injunction that would order Judge Worpell to perform his marriage ceremony. (*Id.* at PageID.23; *see also* ECF No. 1, PageID.5).

1

Fluker's complaint survived screening and he now plans to depose both Jones and Judge Worpell. (ECF Nos. 22, 24, 25). Fluker states that he notified both Worpell and Jones that they would be deposed on July 13 and July 18, respectively. (ECF No. 24, PageID.99; ECF No. 25, PageID.102). Fluker's motions state that he plans to depose Worpell remotely via Zoom, and that he plans to depose Jones in-person at the prison. (*Id.*)

According to Fluker, both Jones and Worpell agreed to attend the depositions. (*Id.*) Even so, he can depose neither witness unless prison officials allow him to conduct his depositions and supply him with a "quiet room" and a computer capable of "zoom video conferencing." (ECF No. 24, PageID.99–100; *see also* ECF No. 25, PageID.102–03). Without stating whether he has already communicated these needs to prison staff, Fluker asks the Court to order those officials to provide him the means to conduct his depositions. (*Id.*)

The problem with Fluker's motion is that it is not clear where the Court could derive authority to issue such an order. Federal courts only possess that power which is "authorized by Constitution or Statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, a federal court has no general power to act; it cannot issue binding orders without deriving authority from some statute or constitutional provision. *See id.*

The discovery rules do not empower courts to order nonparties to facilitate depositions.[1] Discovery is typically an extrajudicial process, conducted by the parties without the court's involvement. *See Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-767, 2014 WL 6687146, at *4 (S.D. Ohio Nov. 26, 2014); *J.P. Morgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1875928, at *6 (S.D. Ohio June 20, 2007). To assist this process, the Federal Rules of Civil Procedure provide a finite list of tools that parties may use to gather information within the scope of discovery. Fed. R. Civ. P. 26–37. Federal Rule of Civil Procedure 30 governs depositions. Fed. R. Civ P. 30; *see also* Fed. R. Civ. P. 45. In general, the Rule places the responsibility for facilitating a deposition on the party seeking to depose a witness. Before it may depose a witness, that party must notify the deponent and all other parties of "the time and place of the deposition." Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 45(a)(1)(A)(iii). The party must also specify how it will record the deposition, and it must bear the costs of doing so. Fed. R. Civ. P. 30(b)(3).

---

[1] Where prisoners bring actions against prison officials to challenge the conditions of their confinement, courts have assumed that they may compel prison officials to allow prisoners to conduct depositions. *E.g.*, *Moore v. Morgan*, No. 1:16-cv-655, 2018 WL 6841362, at *2 (S.D. Ohio Oct. 11, 2018); *Whiteside v. Thalheimer*, No. 1:13-cv-408, 2015 WL 2376001, *2 (S.D. Ohio May 18, 2015). But even in these situations, courts are reluctant to compel prison officials to facilitate depositions as such depositions could be "disruptive of prison administration" while threatening "security" and "staff authority." *Muhammad v. Bunts*, No. 1:03cv228, 2006 WL 8442090, at *3–4 (N.D. W. Va. Oct. 2, 2006) (internal quotation marks omitted) (quoting *Bell v. Godinez*, No. 92 C 8447, 1995 WL 519970, at *2 (N.D. Ill. Aug. 30, 1995)).

3

Absent from Rule 30 is any explicit language permitting courts to order entities that are neither parties nor deponents to organize depositions. *See* Fed. R. Civ. P. 30. Quite the opposite, the Rules assumes that a party seeking a deposition bears the initial responsibility for coordinating the deposition. *See id.*; *see also SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017); *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 606–607 (N.D. Fla. 2019). And while courts may have wide discretion to resolve disputes over the location and means of conducting a deposition if properly brought before the Court on, for example, a motion to compel, the Court has found no authority suggesting that its discretion is so expansive that it can resolve these disputes by enjoining nonparties with no connection to the litigation. *See Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020); *Gross v. Lunduski*, 304 F.R.D. 136, 163 (W.D.N.Y. 2014).

Nor does the in forma pauperis statute, 28 U.S.C. § 1915, allow the Court to issue such an order. The "expenditure of public" resources on behalf of an indigent litigant "is proper only when authorized by Congress." *States v. MacCallom*, 426 U.S. 317, 321 (1976). Section 1915 courts to waive "prepayment of fees and costs" on behalf of indigent plaintiffs, and it entitles indigent litigants to copies of the record in limited circumstances. *Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993) (citing 28 U.S.C. § 1915(a)–(b)). But the statute contains no provision requiring the United States to bear any other litigation expenses, including depositions. *Id.*; *see also*

4

*Starkey v. Hernandez*, No. 3:17-cv-01158, 2018 WL 2441554, at *1 (S.D. Cal. May 31, 2018); *Lamarr v. Jackson*, No. 3:14cv32, 2015 WL 2126188, at *1 n.2 (N.D. W. Va. May 6, 2015); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).

To be clear, none of that should be construed to mean that Fluker cannot depose Worpell or Jones—only that he must arrange the depositions without the Court's assistance. Like any other plaintiff, prisoners are responsible for pursuing their own claims, and lawful incarceration, by its nature, constrains the resources available to imprisoned litigants. *See Pell v. Procunier*, 417 U.S. 817, 822, (1974); *Tabron*, 6 F.3d at 159–60. Without identifying any statute authorizing the Court's intervention, Fluker must prosecute his claims despite any constraints he may face. *See Kokkonen*, 511 U.S. at 377. At bottom, it is Fluker's responsibility to organize his depositions. If he wishes to conduct his depositions from prison, then he must coordinate with prison staff, and if he wishes to conduct his depositions elsewhere, then he must procure counsel to conduct the depositions on his behalf. *See Holt v. Pitts*, 619 F.2d 558, 560–61 (6th Cir. 1980) (holding that an incarcerated litigant has "no right to be personally present at any stage of the judicial proceedings.")

In any event, I note that Fluker has other options to obtain his discovery if he cannot hold his depositions. For example, Fluker may depose both Worpell and Jones through written questions under Rule 31. *See Moore*, 2018 WL 6841362, at *2; *Stockdale v. Stockdale*, 2009 WL 4019504, at *1 (E.D. Mo. Nov. 18, 2009).

Further, the Court could also raise Fluker's maximum number of interrogatories to compensate for his inability to conduct a deposition. *Cf. McClellan v. Kern County Sheriff's Off.*, 110CV0386, 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015).

Accordingly, Fluker's discovery motions (ECF Nos. 24, 25) are **DENIED**.

**IT IS SO ORDERED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: June 27, 2023

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

6